## REUBEN W. PATRICK, Administrator., *v.* ANN BRYAN, Adm'x.

Where the heirs of an estate had purchased so large a portion of it at an administrator's sale, that there was not enough due from other persons to pay the debts, they can be forced by the administrator to pay such portions as are over their *estimated share of the succession.*

APPEAL from the District Court of Bossier, *Jones*, J. *Terrell* and *Hodge*, for plaintiff. *Lawson* and *Fuller*, and *R. J. Looney*, for defendant. The judgment of the court was pronounced by

ROST, J. The party whose succession the defendant represents, was one of the heirs of *James* and *Grace Yarborough*, deceased, whose successions are administered by the plaintiff, and purchased, at the probate sale of those successions, certain slaves, for which he gave the notes sued upon.

The defence is, that as heir-at-law, he had a right to purchase at the probate sale to an amount equal to his share; and that the plaintiff has no claim against him until that share is ascertained. The answer contains interrogatories to the plaintiff, the object of which is to ascertain what that share will be. It is in evidence, that the principal object in selling the property was, the payment of the debts of the successions; but the heirs having purchased a large portion of it, the proceeds of that portion which was purchased by other persons, was insufficient to meet the claims of the creditors; and after exhausting that fund, the administrator applied to the court for and obtained an authorization to claim from the heirs who had purchased, such a portion of their indebtedness as was necessary to liquidate the successions. The present action was brought under that authorization. In answer to the interrogatories propounded by the defendant, the plaintiff stated, that so far as he could ascertain, the defendant's share in the succession as heir, would be about seven hundred and sixty-four dollars. The district judge deducted that amount from the sum claimed, and gave judgment against the defendant for the balance, with mortgage on the slave sold. The plaintiff does not complain of this judgment; and it is manifestly correct, so far as the defendant is concerned. His share is ascertained as well as it can be, until the debts of the successions are paid; and they cannot be paid unless he and the other heirs provide the means.

The judgment is therefore affirmed, with costs.